IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PHILIP ANDRA GRIGSBY,

                    Plaintiff,

          v.                          CASE NO.  15-3282-SAC-DJW

CHIEF JUDGE J. THOMAS MARTEN,
JASON HART, et al.,

                    Defendants.


<u>MEMORANDUM AND ORDER</u>

Plaintiff, a federal inmate,[1] filed this pro se civil complaint under 28 U.S.C. § 1331 against the judge and prosecutors that participated in his federal criminal trial. The court dismisses this action upon screening defendants are entitled to immunity and plaintiff fails to state a claim for relief.

**BACKGROUND AND CLAIMS**

As the background for his complaint, plaintiff alleges the following. He was charged with 8 counts of sexual exploitation of a child, 1 count of possession of child pornography, and 1 court of felon in possession of a firearm. The Tenth Circuit affirmed on direct appeal and a writ of certiorari was denied.

---

[1]     Mr. Grigsby pled guilty to these charges in the United States District for the District of Kansas and was sentenced to 260 years in prison. See *U.S. v. Grigsby*, 2016 WL 324821, 633 Fed.Appx. 696 (10th Cir. Jan. 27, 2016).

He has filed multiple motions in the district court and the Tenth Circuit, and has filed civil rights complaints against a government witness. As Count I in his complaint, plaintiff claims that defendants failed to follow discovery order and abide by Federal Rules of Procedure. As supporting facts, he alleges that defendants allowed "impeachable witness Jesse J. Lemuz, Jr. to testify as an expert witness." As Count II, plaintiff claims that defendants issued or allowed to be issued "unsupported prejudicial statements." As Count III, plaintiff claims "[p]rejudice through suppression and tampering of evidence." In support, he alleges that he was denied access to court rules and procedures. Plaintiff asserts in each count that his 5th, 6th and 14th Amendment rights were violated.

In his request for relief, plaintiff seeks "conviction and sentence vacated and/or remanded for new trial." He also requests appointment of counsel.[2]

## II.  FILING FEE

By separate order, plaintiff was granted leave to proceed without prepayment of fees and assessed an initial partial filing fee, which he paid. He remains obligated to pay the

---

[2]     This motion is denied as moot. In addition, plaintiff seeks "change of venue to 9th Circuit, Arizona Division." However, he presents no factual or legal basis for this request, and it too is denied.

remainder of the filing fee for this case through payments automatically deducted from his inmate account.

## III.   SCREENING STANDARDS

Because Mr. Grigsby is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."   *Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).   The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## IV.  DISCUSSION

In the caption of his complaint, plaintiff names two defendants:  Judge Marten and Jason Hart, Assistant U.S. Attorney.   Elsewhere in the complaint, he names Annette B. Gurney, Lead Assistant U.S. Attorney; and Barry R. Grissom, U.S. Attorney, District of Kansas.   Even though plaintiff improperly failed to name all defendants in the caption, the court liberally construes this action as brought against all the above listed defendants.

This action is dismissed as against defendant Judge Marten because he is entitled to absolute judicial immunity.   A judge is absolutely immune from liability in a civil rights complaint for his or her judicial acts taken in criminal proceedings, "except when the judge acts 'in the clear absence of all jurisdiction.'"  See *Hunt v.* Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994)(citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.")).

4

Plaintiff intimates that Judge Marten "engaged in unconstitutional conduct while presiding over (plaintiff's) criminal trial." Thus, his allegations indicate that Judge Marten was "performing judicial acts" and was "therefore clothed with absolute judicial immunity." *Id.* Plaintiff alleges no facts indicating that Judge Marten was acting "in the clear absence of jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 362).

This court is of the opinion that the doctrine of absolute judicial immunity protects federal judges from injunctive relief as well as claims for money damages. See *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987)[distinguishing *Pulliam v. Allen*, 466 U.S. 522 (1984) and extending federal judicial immunity to preclude equitable *Bivens* claim]; *Mehdipour v. Purcell*, 173 F.Supp.2d 1165, (W.D. Okla. 2001), aff'd 62 Fed.Appx. 203 (10th Cir. 2003). However, even if this court did not apply judicial immunity in this case because plaintiff does not seek damages, it lacks jurisdiction to consider plaintiff's claims, which are clearly challenges to his federal convictions. The relief sought by plaintiff, that his convictions and sentence be vacated or remanded, is not properly litigated in a civil rights complaint against participants in an inmate's criminal trial. The sole remedy for challenging a criminal

conviction or sentence after direct appeal, is the filing of a habeas corpus petition.   Since plaintiff is a federal inmate, his exclusive remedy for such challenges is a motion filed under 28 U.S.C. § 2255.[3]

Plaintiff also fails to state a claim against the three remaining defendants because they are entitled to prosecutorial immunity.   Prosecutors have absolute immunity from liability under Section 1983 for their acts performed in association with the criminal process.   *Imbler v. Pachtman*, 424 U.S. 409, 418-19 (1976); see also *Buckley v. Fitzsimmons*, 59 U.S. 25, 270 (1993)(absolute immunity for conduct of prosecutors that is intimately associated with the judicial phase of the criminal process).

In sum, the court dismisses this action under 28 U.S.C. §1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2) because Judge Marten is entitled to judicial immunity, the remaining defendants are entitled to prosecutorial immunity, and plaintiff's habeas corpus claims and request for habeas corpus relief are not properly litigated in this civil rights action.

---

[3] If plaintiff has already sought and been denied relief under Section 2255, he must seek permission from the Tenth Circuit Court of Appeals before he may file a second and successive Section 2255 application in the sentencing court.

Plaintiff's motion for extension of time to submit account transaction ledger[4] (Doc. 4) is granted. Plaintiff's motion for appointment of counsel (Doc. 5) and motion to proceed as a veteran (Doc. 6)[5] are denied as moot.

The court also notes that plaintiff filed a copy of a document entitled "Motion to Cease and Reverse All Garnishment Actions Against Defendant's Union Pension" (Doc. 7) with the number of his criminal case and appeal in its caption, that he alleges was filed in his criminal case. This copy was docketed by the clerk in this case as a "supplement" to the complaint. In plaintiff's letter accompanying this motion, he states that this document is "an amendment to the current civil complaint." However, this is not a proper motion to amend with a complete amended complaint attached. Nor is it a proper supplement or other type of motion in this case. Accordingly, the court takes no action upon this improper filing that was already filed in the sentencing court.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice, pursuant

---

[4] The court already considered this account ledger (Doc. 8) in connection with his motion to proceed without prepayment of fees.

[5] Plaintiff does not provide authority showing either that he is a veteran or that as a veteran he is entitled to waiver of the statutory fee provisions requiring payment of filing fees by all prison inmates.

to 28 U.S.C. § 1915A(a) and (b) as well as 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to submit account ledger (Doc. 4) is granted, and that plaintiff's motion to appoint counsel (Doc. 5) and motion to proceed as veteran (Doc. 6) are denied.

**IT IS SO ORDERED.**

**Dated this 20th day of May, 2016, at Topeka, Kansas.**


**s/Sam A. Crow**
**U. S. Senior District Judge**